UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>DANIEL D'AMBROSIA<br>    d/b/a Danko Painting, LLC<br>    d/b/a D124 Painting, LLC<br>    d/b/a Jardel Painting, LLC<br><br>        Debtor | Chapter 13<br><br>No. 18-14238-AMC |
| Scott F. Waterman, Esquire<br>Standing Chapter 13 Trustee<br>        Plaintiff<br><br>Daniel D'Ambrosia<br>        Defendant | ADVERSARY ACTION NO. |

**COMPLAINT OBJECTING TO CHAPTER 13 DISCHARGE**

Scott F. Waterman, Esquire, Standing Chapter 13 Trustee, through his undersigned counsel, hereby files this Complaint Objecting to Defendant's Chapter 13 Discharge, and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding brought by Plaintiff objecting to the Chapter 13 Discharge of the Debtor under section 1328 of title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1)

and (2)(J) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), pursuant to 28 U.S.C. § 1409.

### PARTIES AND GENERAL BACKGROUND

5. The Plaintiff is Scott F. Waterman, Standing Chapter 13 Trustee, who maintains an office at 2901 St. Lawrence Avenue, Suite 100, Reading, Pennsylvania, 19606.

6. Defendant, Daniel D'Ambrosia is an adult individual and the Debtor in the above Chapter 13 case, whose last known address is 2409 S. Chadwick Street, Philadelphia, PA 19145.

### FACTS

7. Debtor filed the above-captioned Chapter 13 case on June 26, 2018 and his confirmed plan was last modified on April 2, 2020.

8. Debtor's plan, as initially filed, was primarily aimed at curing pre-petition mortgage arrears to Pennymac Loan Services, LLC related to property located at 2312 Roma Drive, Philadelphia, PA 19145 (the "Property") with a nominal distribution to unsecured creditors whose claims totaled $575,731.86.

9. Debtor attended and testified under oath at his 341 Meeting of Creditors on October 19, 2018. As part of said testimony, Debtor verified and reaffirmed the accuracy of his Chapter 13 petition and financial schedules.

10. Pennymac Loan Services, LLC was granted relief from the automatic stay on or about July 31, 2019 (Bankruptcy Docket Entry. No. 53) and, upon information and belief, has

2

foreclosed on the Property.

11. Debtor's most recent confirmed plan provides, *inter alia*, for distribution in the amount of $13,660.62 to allowed priority and unsecured general creditors and no further distributions to Pennymac Loan Services, LLC given the relief granted.

12. The Debtor has completed all plan payments and has filed his Debtor Education Financial Management Course Certificate (Bankruptcy Docket Entry No. 86) and his Chapter 13 Certifications regarding Domestic Support Obligations (Bankruptcy Docket No. 87) and appears poised to seek entry of a Chapter 13 discharge.

13. However, the Bankruptcy Code is meant only to discharge the honest but unfortunate debtor. Grogan v. Garner, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In re Finney, 333 B.R. 242 (Bankr. W.D. Pa. 2005). It is the Trustee's position that Debtor is not entitled to a discharge of his debts for the reasons set forth below.

14. On or about May 29, 2020 Debtor was indicted in the case captioned: United States of America v. Daniel D'Ambrosia United States District Court for the Eastern District of Pennsylvania, Case No. 20-CR-00181-JMY (the "Indictment"). (A true and correct copy of the Indictment is attached hereto as Exhibit "A").

15. The Indictment alleged, *inter alia*, that Debtor knowingly and fraudulently concealed approximately $270,000.00 in funds belonging to the instant bankruptcy estate from Debtor's creditors. Specifically the Indictment alleged that Debtor placed said funds in an investment account that Debtor opened in the name of his minor son as a Uniform Transfers to Minors Act ("UTMA") account and further that Debtor failed to identify said asset on the Schedules and Statement of Financial Affairs filed in his Chapter 13 case. (Count Six,

Indictment).

16. The Indictment further alleged that the Debtor knowingly and fraudulently made a material false declaration in the instant Chapter 13 proceedings by stating under oath at his 341 Meeting of Creditors that he had not transferred, sold or given away any property in the four years preceding the filing of his Chapter 13 case when in fact, on or about July 3, 2017, less than one year prior to filing the instant proceeding, he had transferred approximately $270,000.00 in funds held in his name to the UTMA account. Debtor failed to disclose said transfer both in his filed Schedules and his Statement of Financial Affairs as well as when he denied any such transfer at his 341 Meeting of Creditors on October 19, 2018. (Count Seven, Indictment). At no time did Debtor seek to correct said statements.

17. On November 24, 2020 the Debtor pled guilty to, *inter alia*, two (2) counts of bankruptcy fraud in connection with this case (Counts Six and Seven, Indictment). A copy of the docket entries of United States of America v. Daniel D'Ambrosia, United States District Court for the Eastern District of Pennsylvania No. 20-CR-00181-JMY evidencing the Debtor's guilty plea is attached hereto as Exhibit "B". Further, a transcript of the Change of Plea hearing on November 24, 2020 is attached hereto as Exhibit "C" in which the Debtor acknowledges his guilt of the counts in the Indictment and in which he is found guilty of the offenses as charged.

18. Debtor is awaiting sentencing with a hearing on same currently scheduled for May 5, 2021.

### COUNT ONE – DENIAL OF DISCHARGE

19. Pursuant to 11 U.S.C. §§1328(h) and 522(q)(1)(a), a debtor shall not be entitled to a bankruptcy discharge should he be convicted of bankruptcy fraud. See Matter of Raiford, 695

4

F.2d (11th Cir. 1983); In re Moss, 258 B.R. 391 (Bankr.W.D. Mo. 2001); In re Lloyd, 142 B.R. 866 (Bankr.E.D. Ark. 1992); In re Chaplin, 179 B.R. 123, 128 (Bankr.E.D. Wis 1995); and In re Peterson, 315 B.R. 728 (Bankr. C.D. Ill 2004).

20. Because the Debtor pled guilty to two (2) counts of bankruptcy fraud in connection with this case, the Debtor is not entitled to a discharge and same should be denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Scott F. Waterman, Esquire, Chapter 13 Standing Trustee, respectfully requests that this Court enter judgment denying Debtor a Chapter 13 Discharge in this case and granting plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 30, 2021

/s/ *Polly A. Langdon, Esquire*
POLLY A. LANGDON, ESQUIRE
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA  19606-0410
Telephone: (610) 779-1313
Fax: (610) 779-3637